* The panel unanimously finds this case suitable for decision without oral argument. Fed.

ed facts and credibility issues in Bradshaw's favor before properly determining that the officers are immune from suit. As it stated in its order, the district court assumed that Bradshaw's version of the facts is correct. Thus, there are no material issues as to credibility that require a jury determination.

AFFIRMED.

Eric L. MIKOTA, Petitioner–Appellant,

v.

Robert. MOORE, Respondent–Appellee.

No. 02–35750.
D.C. No. CV–02–00118–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2003.*

Decided June 12, 2003.

R.App. P. 34(a)(2).

**516**

Before HUG, B. FLETCHER, and MCKEOWN, Circuit Judges.

MEMORANDUM**

Eric L. Mikota, a Washington state prisoner, appeals pro se from an order by the district court dismissing his petition for writ of habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We affirm.

On June 15, 2000 a fight broke out among inmates in the prison yard at the Washington State Penitentiary where Mikota was incarcerated. A prison guard who observed the fight filed a report implicating Mikota. On the day following the

---

** This disposition is not appropriate for publication and may not be cited to or by the

fight, a nurse examined Mikota and noted four small bruises on the sides of his body, which the nurse noted could be "old." Mikota had a hearing on the charges that he participated in the fight, and was found guilty by the hearing officer and given 10 days in isolation, 20 days segregation, and loss of 90 days of "good time credit."

The instant habeas petition challenges the loss of 90 days of "good time credit" as being unsupported by the "some evidence" standard articulated in *Superintendent v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). It is undisputed that Mikota has a protected liberty interest in his good time credits, and the question on appeal is whether he was deprived of that liberty interest without due process. *See Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Procedural due process demands that "the findings of the prison disciplinary board are supported by *some evidence* in the record." *Hill,* 472 U.S. at 454, 105 S.Ct. 2768(emphasis added). The standard does not require a examination of the entire record, independent assessment of the credibility of the witnesses or weighing of the evidence. Instead the only question is whether "any evidence in the record ... could support the conclusion reached by the disciplinary board." *Id.* at 455–56, 105 S.Ct. 2768.

■ The district court pointed to two pieces of incriminating evidence that were undisputed. First, the petitioner was fighting or in the immediate area of a large group fight. Second, Mikota had bruises on his body.

Mikota's argument that this evidence fails to meet the "some evidence" threshold is unavailing. The Supreme Court has

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

held that when reviewing a prison disciplinary decision, this court should not independently assess the credibility of witnesses or reweigh the evidence. *Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768. The record of the hearing shows that the hearing officer considered all the evidence and rejected petitioner's exculpatory explanations as to the evidence presented.

We find that "some evidence" supports the disciplinary measures imposed upon Mikota by the hearing officer. Therefore, we affirm.

AFFIRMED